UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kristen Joy Noel Mullins, ) | C/A No. 8:24-cv-6029-BHH-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Laurel Mullins, Colin Blaine Mullins, ) | |
| Lindsey Mullins, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is an action removed from the Edgefield County Court of Common Pleas (the "State Court") at case number 2024-CP-19-00315 (the "State Court Action"), by a *pro se* litigant, Colin Blaine Mullins ("Colin").[1] ECF No. 1. All pretrial proceedings in this matter were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), (D.S.C.). For the reasons below, the undersigned concludes that this case should be remanded to the State Court for lack of jurisdiction.[2]

---

[1] The Court takes judicial notice of the records in the State Court Action. *See, e.g., Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] *Sua sponte* remand of a case is proper where the Court lacks subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Courts in this District have recognized "a split of authority as to whether a magistrate judge has the authority to remand a matter to state court." *Burnett v. Johnson*, C/A No. 3:19-cv-3278-MGL-SVH, 2019 WL 7763802, at *1 (D.S.C. Dec. 19, 2019), *R&R adopted by* 2020 WL 473355 (D.S.C. Jan. 28, 2020); *Bank of Am., N.A. v. Guernsey*, C/A No. 4:18-1594-cv-AMQ-TER, 2018 WL 4691592, at *3 n.2 (D.S.C. June 14, 2018) ("South Carolina federal district courts are split on whether a magistrate judge may order the remand of a case.") (collecting cases), *R&R adopted by* 2018 WL 4680132 (D.S.C. Sept. 28, 2018). Notably, however, at least one published opinion in this District has held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*,

1

## BACKGROUND

**State Court Proceedings**

Plaintiff, represented by counsel, commenced this action by filing a Complaint in the State Court on September 13, 2024. ECF No. 1-1; *see also Mullins v. Mullins*, No. 2024-CP-19-00315 Edgefield County Eleventh Judicial Circuit Public Index, available at https://publicindex.sccourts.org/edgefield/PublicIndex/PISearch.aspx (last visited Oct. 24, 2024) (search by case number listed above). Colin and Defendant Laurel Mullins ("Laurel") were both served with the Summons and Complaint on September 26, 2024. *See* State Court Action, Affidavits of Service, filed Oct. 9, 2024. On October 23, 2024, both Colin and Laurel filed separate Answers to the Complaint. *See* State Court Action, Answers to the Complaint, filed Oct. 23, 2024. That same day, Colin also filed a removal notice along with other documents in the State Court. *See* State Court Action, Notice/Removal to District Court and Exhibit/Filing of Exhibits Notice of Removal, dated Oct. 23, 2024. Colin's Notice of Removal was entered on this Court's docket on October 23, 2024. ECF No. 1. There is no indication in the Notice of Removal whether Laurel has joined in the removal.[3]

---

*Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (internal quotation marks omitted). Additionally, three federal circuit courts that have addressed this issue in published opinions have reached a similar result, holding that an order to remand is dispositive. *See Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998). Therefore, a Report and Recommendation is being filed in this case.

[3] The removal statute provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action" and, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal . . ." 28 U.S.C. § 1446(b)(2)(A) and (C). Colin does not indicate whether any other Defendant consents to removal, and the Court notes that Laurel filed an Answer to the Complaint in the State Court on October 23, 2023.

**Factual Allegations**

Plaintiff makes the following allegations in the Complaint. ECF No. 1-1. Plaintiff is a citizen and resident of Aiken County, South Carolina. *Id*. at 4, ¶ 1. Laurel is a citizen and resident of Edgefield County, South Carolina, and is Plaintiff's mother. *Id*. at 4, ¶ 2. Colin is a citizen and resident of Edgefield County, South Carolina, and is Plaintiff's father. *Id*. at 4, ¶ 3. Defendant Lindsey Mullins ("Lindsey") is a citizen and resident of Laurens County, South Carolina, and is Plaintiff's older sister. *Id*. at 4, ¶ 4. The events giving rise to the claims asserted in this case occurred at the parties' residence in Edgefield County, South Carolina. *Id*. at 4, ¶¶ 5–6.

At the times relevant to the claims in this case, Plaintiff and Lindsey were subject to the care, custody, and control of Laurel and Colin. *Id*. at 5, ¶ 7. From the time Plaintiff was six years old until she was thirteen years old, Plaintiff alleges to have been subjected to repeated sexual assault and abuse by Lindsey. *Id*. at 5, ¶ 8. During these instances of abuse, Lindsey was often violent, holding Plaintiff down and threatening her. *Id*. at 5, ¶ 9. Plaintiff contends that Laurel and Colin knew or should have known that Lindsey was sexually abusing Plaintiff. *Id*. at 5, ¶ 10. Plaintiff alleges that Lindsey admitted to the abuse to family and friends. *Id*. at 5, ¶ 11.

Based on these allegations, Plaintiff asserts the following causes of action. For a first cause of action, Plaintiff asserts a claim for negligence against Laurel and Colin. *Id*. at 5–6, ¶¶ 12–14. For a second cause of action, Plaintiff asserts a claim for reckless infliction of emotional distress against Laurel and Colin. *Id*. at 6–7, ¶¶ 15–17. For a third cause of action, Plaintiff asserts a claim for assault against Lindsey. *Id*. at 7–8, ¶¶ 18–23. For a fourth cause of action, Plaintiff asserts a claim for battery against Lindsey. *Id*. at 8, ¶¶ 24–31. For a fifth cause of action, Plaintiff asserts a claim for intentional infliction of emotional distress against Lindsey. *Id*. at 8–9, ¶¶ 32–36. For a sixth cause of action, Plaintiff asserts a claim for false imprisonment against Lindsey. *Id*. at 9,

¶¶ 37–40.  For relief, Plaintiff seeks an unspecified amount of compensatory and punitive damages. *Id*. at 9.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Pleadings**

Because Colin is proceeding in this action *pro se*, the Court is required to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A *pro se* litigant's pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *Haines*, 404 U.S. at 520; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even under this less stringent standard, however, the *pro se* Notice of Removal is still subject to *sua sponte* remand.  *Haines*, 404 U.S. at 520–21.  The mandated liberal construction means only that, if the Court can reasonably read the pleadings to state a valid claim on which the *pro se* litigant can prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  However, the Court may not construct a litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should the Court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

This Court has the inherent authority to review *pro se* pleadings to ensure that subject matter jurisdiction exists and that the case is not frivolous, even when the pleadings are not subject to the prescreening provisions of 28 U.S.C. § 1915 as in this case.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the

filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised sua sponte, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

**Removal and Subject Matter Jurisdiction**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The general statute governing removal of state court actions to federal court provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Thus, a defendant in a state court case may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. The defendant seeking removal has the burden of establishing federal court jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). A question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*. 28 U.S.C. § 1447(c). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Because federal courts have limited jurisdiction and removal jurisdiction raises federalism concerns, there is no presumption that the District Court has jurisdiction and the Court must strictly construe the removal statute. *Id.*; *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941). Strict construction of the removal statute results in any doubts about federal jurisdiction being resolved against removal, with the case being remanded to state court. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C.1990).

A federal court's jurisdiction under the removal statutes essentially amounts to an infringement upon state sovereignty. *See Shamrock*, 313 U.S. at 108-09. "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F. Supp. 444, 445 (M.D.N.C.1982). To ensure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil*, 313 U.S. at 109. In fact, the United States Court of Appeals for the

Fourth Circuit has instructed that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994).

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is absent. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

## ANALYSIS

This case should be remanded to the State Court because this Court lacks subject matter jurisdiction. Federal district courts have original jurisdiction over two types of cases: (1) federal question cases and (2) diversity cases. 28 U.S.C. §§ 1331, 1332. Colin purports to remove the action based on federal question jurisdiction. Specifically, he asserts:

> The Federal Question brought before the Court is this[:]
> "Can three Defendants be tried simultaneously in the same trial, when two of the defendants cannot have a Cause of Action mature against them without the guilt of the third defendant having been first established?"

ECF No. 1 at 2, ¶ 5. Colin has attached to his Notice of Removal a document entitled "Defendant's Discussion of the Case." ECF No. 1-2. In that document, Colin presents a complicated, albeit novel, argument "using loose Propositional Calculus as compared to a methodical adjudication"

regarding the merits of this case and to support his contention that a federal question exists. *Id*. at 3. Colin's contentions are without merit.

**Federal Question Jurisdiction under 28 U.S.C. § 1331**

Despite Colin's assertions, this Court does not have federal question jurisdiction over this action. Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the claims in a case "arise under" the laws of the United States, courts apply the "well-pleaded complaint rule," which focuses on the allegations of the complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274–75 (4th Cir. 1985) (noting removal jurisdiction cannot be found in defenses to the state-court complaint). "A defendant may not remove a case to federal court unless the Plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

The causes of action in Plaintiff's Complaint—negligence, reckless infliction of emotional distress, assault, battery, intentional infliction of emotion distress, and false imprisonment—are all state law causes of action. Plaintiff did not plead a federal law cause of action in the Complaint. Colin's removal documents and attached exhibits show that Plaintiff's claims in the State Court Action do not arise under the Constitution or federal laws, and the claims asserted in the Complaint

do not depend on the resolution of a substantial question of federal law. Defendant is unable to point to any substantial question of federal law that must be resolved in order to adjudicate the Plaintiff's state law claims. Even though Colin contends the State Court Action violates the United States Constitution, such an argument "does not provide federal-question jurisdiction when, as here, the state-court complaint does not include claims based on federal statutes." *Deutsch Bank Nat'l Co. v. Brader*, C/A No. 4:15-cv-600-RBH-KDW, 2015 WL 9872070, at *4 (D.S.C. Oct. 28, 2015). Accordingly, the Court does not have federal question jurisdiction over this action.

**Diversity Jurisdiction under 28 U.S.C. § 1332**

Diversity jurisdiction arises under 28 U.S.C. § 1332. Because Plaintiff's claims arise under state tort law, the claims asserted in the Complaint could be brought in this Court only if the requirements for diversity jurisdiction are satisfied. This statute also does not provide a basis for subject matter jurisdiction.

The diversity statute imposes two requirements—complete diversity between the parties and an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a); *Anderson v. Caldwell*, C/A No. 3:10-cv-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *R&R adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978).

All of the parties to this action are citizens of the State of South Carolina. Because diversity of citizenship is not present, this Court lacks diversity jurisdiction.

**CONCLUSION**

The Complaint filed in this case does not provide any basis upon which this Court can exercise subject matter jurisdiction. Accordingly, it is recommended that the case be REMANDED to the State Court for lack of subject matter jurisdiction.

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

October 25, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).