IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristen Joy Noel Mullins, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Laurel Mullins, Colin Blaine Mullins, ) <br> Lindsey Mullins, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 8:24-cv-6029-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Kristen Joy Noel Mullins' ("Plaintiff") *pro se* complaint against the above-named Defendants, which was removed to this Court on October 23, 2024. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 25, 2024, Magistrate Judge William S. Brown issued a report and recommendation ("Report"), outlining the issues and recommending that the Court *sua sponte* remand this action to the Edgefield County Court of Common Pleas based on this Court's lack of subject matter jurisdiction. (ECF No. 6.) *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On November 12, 2024, Defendants Laurel Mullins and Colin Blaine Mullins filed a notice indicating that they do not object to the Magistrate Judge's Report. (ECF No. 11.) No other party filed objections to the Report.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 6), and the Court *sua sponte* remands this action to the Edgefield County Court of Common Pleas based on this Court's lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 19, 2024
Charleston, South Carolina